UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:05CR29-R

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

YOU DON BUSSELL                                                                                              DEFENDANT

### MEMORANDUM OPINION

This matter comes before the Court on the Defendant's renewed motion to suppress evidence (Docket #57). The Government has responded to the Defendant's motion (Docket #59). This matter is now ripe for adjudication. For the following reasons, the Defendant's motion is **DENIED**.

### DISCUSSION

The Defendant contends that the evidence in this matter should be suppressed on two grounds. First, the Defendant argues that a parolee should not be used as an informant unless a pre-approved agreement has been coordinated between the appropriate law enforcement agencies and the Department of Corrections ("D.O.C."). The Defendant argues that a lack of an agreement violates the express rules of the D.O.C.. However, the Government correctly notes that the Defendant has offered no evidence that a parolee must have an agreement to serve as a confidential informant. Other jurisdictions have held that parolees may serve as confidential informants without expressly requiring an agreement between the law enforcement agencies and the D.O.C.. *See People v. Schacter*, 6 A.D. 3d 111, 113 (N.Y. App. Div. 2004); *Hubbard v. Cockrell*, 2002 WL 31114025, *4 (N.D. Tex. 2002); *Thompson v. City of Lawrence, Kansas*, 58

1

F.3d 1511, 1515-16 (10th Cir. 1995).  Accordingly, a lack of agreement between law enforcement and the D.O.C.  does not require a suppression of the evidence obtained through a parolee who serves as a confidential informant.

Second, the Defendant asserts that the search warrant executed on March 25, 2004, did not contain sufficient probable cause for its issuance.  In particular, the Defendant questions the reliability of the confidential informant, which he argues is lacking in the affidavit that was used to obtain the warrant.  The Government refers the Court to the Sixth Circuit Court of Appeals case of *United States v. Allen*, where the Court held that an "affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added."  *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).  That holding is consistent with the "totality of the circumstances" test a Court should use when looking at an affidavit that was submitted to obtain a search warrant.  *Id.*

In the instant matter, the affidavit submitted by Officer Randall Greene to obtain the search warrant contained sufficient probable cause.  In particular, the fact that confidential informant made a controlled purchase of a substance from the Defendant at his residence, and that the substance in question tested positive for cocaine provided more than enough probable cause for the issuance of the warrant.  *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) ("simply to make a practical, common-sense decision whether, given all the circumstances set forth in the [warrant] affidavit...there is a fair probability that contraband or evidence of a crime will be found in a particular place").  Here, the contraband in question had already been confirmed prior to the issuance of the warrant.  Accordingly, the affidavit did not lack probable cause.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to suppress is **DENIED**.

An appropriate order shall issue.