*Filed*
*4-26-06*
*In Open Court*
*4:35 P.M.*

# JURY INSTRUCTIONS

## *United States v. Bussell*, 5:05CR-29-R

## Western District of Kentucky

## Paducah Division

**INSTRUCTION NO. |**

**Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish. You must find a defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

3

# INSTRUCTION NO. 3

## Count One

## Violation of Title 21, United States Code, Sections 841(a)(1) and 812

Count 1 of the Indictment charges the Defendant, You Don Bussell, with a violation of Title 21, United States Code, Section 841(a)(1), which makes it a crime for anyone knowingly or intentionally to distribute a controlled substance.

A mixture or substance containing cocaine base is classified as a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 841(a)(1), and is set out in Title 21, United States Code, Section 812.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1) That the defendant knowingly or intentionally distributed a controlled substance; and

2) That the substance was in fact a mixture or substance containing cocaine base.

The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical.

## INSTRUCTION NO. 4

### Count Two

### Violation of Title 21, United States Code, Sections 841(a)(1) and 812

Count 2 of the Indictment charges the Defendant, You Don Bussell, with a violation of Title 21, United States Code, Section 841(a)(1), which makes it a crime for anyone knowingly or intentionally to possess a controlled substance with intent to distribute it.

A mixture or substance containing cocaine base is classified as a Schedule II controlled substance within the meaning of Title 21, United States Code, Section 841(a)(1), and is set out in Title 21, United States Code, Section 812.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1) That the defendant knowingly or intentionally distributed a controlled substance;

2) That the substance was in fact a mixture or substance containing cocaine base; and

3) That the defendant possessed the substance with the intent to distribute.


To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## INSTRUCTION NO. 5

### Count Two - Quantity Determination

If you find beyond a reasonable doubt that the defendant possessed a mixture or substance containing a cocaine base, commonly known as "crack cocaine," with the intent to distribute it as charged in Count 2 of the Indictment, you must also determine what quantity of a mixture or substance containing a cocaine base, commonly known as "crack cocaine," was possessed by the defendant.

A special verdict will be provided to you so that you may indicate whether you find, beyond a reasonable doubt, that the defendant possessed at least five (5) grams or more of a mixture or substance that contained a cocaine base, commonly known as "crack cocaine," with the intent to distribute it.

If you so find, you should indicate that by answering "yes" on the verdict form. Otherwise, answer "no."

6

## INSTRUCTION NO. 6

### Actual and Constructive Possession

Next, I want to explain to you something about possession.  The government does not have to prove that the defendant physically possessed the item(s) in question for you to find him guilty of this crime.  The law recognizes two kinds of possession - actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the item(s) in question and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the item(s) in question, and knew that he had this right, and that he intended to exercise physical control over the item(s) in question at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up or intended to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the controlled substance, and knew that he did, for you to find him guilty of this crime.  This, of course, is for all of you to decide.

One more thing about possession.  The government does not have to prove that the defendant was the only one who had possession of the property.  Two or more people can together share actual or constructive possession over property.  And, if they do, both are

7

considered to have possession as far as the law is concerned.

Remember, that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of property, and knew that he did, for you to find him guilty. This, again, is for you to decide.

## INSTRUCTION NO. 7

### Defendant's Election not to Testify or Present Evidence

A Defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.  Remember, that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.  It is not up to the Defendant to prove that he is innocent.

## INSTRUCTION NO. 8

You have heard the testimony of Kenneth Dewayne Catlett.  You have also heard that the federal government has promised him that information and testimony that he provides in this trial will not be used against him.  With regard to the state charges, you have heard that he hopes for leniency in return for his cooperation.

It is permissible for the government to make such a promise.  But you should consider Mr. Catlett's testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 9

You have heard the testimony of Kenneth Dewayne Catlett.  You have also heard that before this trial he was convicted of a crime.  This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 10

You have heard the testimony of Marcus Bussell.  You have also heard that before this trial he was convicted of a crime.  This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

# INSTRUCTION NO. 11

## Number of Witnesses

One more point about witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 12

### Separate Consideration - Single Defendant charged with Multiple Crimes

The Defendant has been charged with two (2) crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict to each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO.  1 3

### Other Act of the Defendant

You have heard the testimony that the Defendant possessed crack cocaine with the intent to distribute on another occasion other than the one charged in the Indictment.  If you find the Defendant did those wrongs or acts, you can consider the evidence only as it relates to the government's claim on the Defendant's intent.  You must not consider it for any other purpose.

Remember the Defendant is on trial here only for the distribution of crack cocaine on March 24, 2004 and the possession of crack cocaine with the intent to distribute it as charged on March 25, 2004, and not for other wrongs or acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

# INSTRUCTION NO. 14

## Transcriptions and Tape Recordings

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And, if you could not hear or understand certain parts of the tapes, you must ignore the transcripts as far as those parts are concerned.

# INSTRUCTION NO. 15

You have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 16

### Inferring the Required Mental State

Next I want to explain to you something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what the person is thinking. But, a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 17

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 18

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

# INSTRUCTION NO. 19

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

# INSTRUCTION NO. 20

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 21

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 22

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 23

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 24

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 25

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 26

Remember that the Defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

# INSTRUCTION NO. 27

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 28

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.